2 ct

FILED
HARRISBURG, PA

AUG 17 2001

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JEROME SMITH,
    Plaintiff

v.                                             Civil No.  1:CV-01-1192

FEDERAL BUREAU OF PRISONS, et al.              (Judge Rambo)
    Defendants                                 (Magistrate Judge Smyser)

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

### I. Statement of the Case

Plaintiff is Jerome Smith, an inmate currently incarcerated at the Allenwood Federal Prison Camp in Montgomery, Pennsylvania ("FPC Allenwood"). On July 29, 2001, Smith filed this combined Federal Tort Claims Act ("FTCA")[1], and Bivens complaint[2] against the following defendants: the Federal Bureau of Prisons ("BOP"), Associate Warden Troy Levi, Dr. Biglette, and Physician's Assistant ("P.A.") Bell of FPC Allenwood; as well as Health Service Administrator Terri Ramos and Dr. John Chung of the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Ft. Dix").

---

[1] 28 U.S.C. §2671 et seq.

[2] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Smith's complaint contains a medical negligence claim under the FTCA. In his <u>Bivens</u> claim, Smith alleges deliberate indifference regarding medical treatment of lower back and leg pain. As to Smith's FTCA claim, he alleges that the United States has negligently failed to provide him with medical care and treatment for lower back and leg pain.

On August 13, 2001, defendants filed a motion to dismiss this case as being duplicative of Smith's complaint filed on June 8, 2001 at Civil No. 1:CV-01-1026. This brief is filed in support of that motion.

## II. Statement of Facts

On June 8, 2001, Plaintiff, Jerome Smith, filed a complaint in this Court at Civil No. 1:CV-01-1026 ("Complaint I"). Complaint I was a combined FTCA and <u>Bivens</u> complaint which named as defendants the United States of America and Federal Bureau of Prisons. <u>See</u> Smith's instant complaint, p.2, ¶3; attachment.

Complaint I alleged that Smith was subjected to inadequate medical care, deliberate indifference to his serious medical needs and medical negligence generally; that defendants failed to follow recommendations in violation of Bureau of Prisons ("BOP") policy; and that defendants failed to provide treatment, leaving surgery as a "last option." Complaint I included a request

for declaratory judgment for violation of federal law and the United States Constitution. Complaint I requested $250,000 in compensatory damages against each of the defendants and punitive damages twice the amount of compensatory damages requested.

On June 18, 2001, a Report and Recommendation was issued regarding Complaint I recommending that Smiths' Bivens claims be dismissed and that the FTCA claim against the BOP be dismissed. Smith v. United States, et al., No. 1:CV-01-1026, Report and Recommendation at 1,4 (M.D. Pa., June 18, 2001)(Smyser, M.J.)(attached). By order of July 10, 2001, the report and recommendation was adopted, Smith's Bivens claims were dismissed, Smith's FTCA claim against the BOP was dismissed, and the Clerk of Court was directed to remove the BOP as a defendant. Smith v. United States, et al., No. 1:CV-01-1026, Order (M.D. Pa., July 10, 2001)(Rambo, J.)(attached).

On June 29, 2001, Smith filed the instant complaint ("Complaint II") against the above-named defendants regarding the same alleged acts or omissions alleged in Complaint I. Smith attaches Complaint I to the instant complaint and makes reference to Complaint I to support his civil rights violation claim. Complaint II includes a request for declaratory judgment for violation of federal law and the United States Constitution. Smith

3

claims in Complaint II that he was subjected to inadequate medical care, deliberate indifference to his serious medical needs and medical negligence generally. Complaint II, p.2. Smith's Complaint II includes a request for $250,000 in compensatory damages against each of the defendants, punitive damages twice the amount of compensatory damages requested, and an order for the BOP to transfer Smith to a medical institution. Complaint II, p.3.

### III. Questions Presented

1. Should Smith's FTCA claim be dismissed as being duplicative of a parallel action already pending in federal court?

    Suggested answer in the affirmative.

### IV. Argument

**1. Smith's complaint should be dismissed as being duplicative of a parallel action already pending in federal court?**

A federal district court has the inherent power to administer its docket in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases. Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc., 572 F. Supp. 1210, 1213 (N.D. Il. 1983), citing Colorado River Water Conservation District v. United States, 424

4

U.S. 800 (1976); Calvert Fire Ins. Co. V. Am. Mut. Reinsurance Co., 600 F.2d 1228, 1233 (7th Cir. 1979); Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180 (1952); Landis v. North American Co., 299 U.S. 248 (1936).

Under 28 U.S.C. §1915(e)(2)(B)(i), an *in forma pauperis* complaint may be dismissed if the district court determines that the complaint is malicious. See Cato v. United States, 70 F.3d 1103, 1105 N.2 (9th Cir. 1995). In Pittman v. K. Moore, et al., 980 F.2d 994, 995 (5th Cir. 1993), the court held that "it is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff."

Generally, a lawsuit is duplicative of another one if the "claims, parties, and available relief do not *significantly* differ between the two. Serlin v. Arthur Andersen & Co., 3 F.3d 221 (7th Cir. 1993)(emphasis added), citing Ridge Gold, 572 F. Supp. at 1213 (citations omitted); I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551 (11th Cir. 1986).

Smith's instant complaint is based on the same alleged acts or omissions as Complaint I. The claims of wrongdoing are nearly identical in the two complaints and the damages requested are similar. Indeed, Smith attaches Complaint I to his instant

5

complaint and makes reference to it. Complaint one named the United States and the Federal Bureau of Prisons as defendants. After the Court dismissed the Bivens claims and the FTCA claim against the BOP, Smith filed Complaint II, naming individual employees of the BOP. Essentially, the instant complaint is duplicative of Complaint I.[3]

In <u>Pittman v. K. Moore</u>, <u>supra</u>, the court stated:

> Ordinarily, as occurred here, the district court confronted with the later-filed action should dismiss it in favor of the case that was filed earlier. When declaring that a successive in forma pauperis suit is "malicious" the court should insure that the plaintiff obtains one bite at the litigation apple - but no more.

<u>Pittman v. K. Moore</u>, 980 F.2d at 995. Thus, Smith's instant complaint, Complaint II, should be dismissed as being duplicative of Complaint I.

---

[3] In its order of July 10, 2001, this Court dismissed the <u>Bivens</u> portion of Smith's Complaint I. A proper challenge to the dismissal order would be made through the appeal process, not by simply filing the same claim in a second complaint.

6

**V. Conclusion**

For the reasons stated above, Smith's complaint should be dismissed as being duplicative of the Complaint filed by Smith at Civil No. 1:CV-01-1026.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

*Mark E. Morrison/ by Kate J. Mushira*

MARK E. MORRISON
Assistant U.S. Attorney

ANITA L. LIGHTNER
Paralegal Specialist
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108-1754
(717) 221-4482

Dated:   August 17, 2001

**ATTACHMENT**

*scan*

⑤
6/19/01
/sm

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME SMITH, | : CIVIL NO: 1:CV-01-1026 |
| Plaintiff, | : |
| v. | : (Judge Rambo) |
| | : (Magistrate Judge Smyser) |
| UNITED STATES OF AMERICA and FEDERAL BUREAU OF PRISONS, | : |
| Defendants | : |

FILED
HARRISBURG, PA

JUN 1 8 2001

MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK

### REPORT AND RECOMMENDATION

The plaintiff, a federal prisoner proceeding *pro se*, commenced this action by filing a complaint on June 8, 2001.

The plaintiff's complaint contains a medical negligence claim under the Federal Tort Claims Act and *Bivens*[1] claims.

It is recommended that the plaintiff's *Bivens* claims be dismissed and that the FTCA claim against the Federal Bureau of Prisons be dismissed.

---

1. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

AO 72A
(Rev.8/82)

28 U.S.C. § 1915A provides, in part:

**(a) Screening.**- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal.**- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

Additionally, 42 U.S.C. §1997e provides:

The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

2

A *Bivens* action can be brought only against individual officials. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994).

In the instant case, the plaintiff's complaint does not name as defendants any individual officers. The complaint fails to state a *Bivens* claim against the United States or the Federal Bureau of Prisons.

The only proper defendant in a Federal Tort Claims Act case is the United States. *See* 28 U.S.C. § 2679; *Kennedy v. United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998)("the United States is the only proper party defendant in an FTCA action"). Thus, the complaint fails to state a claim based on the Federal Tort Claims Act against the Federal Bureau of Prisons.

By a separate order issue this date, we have directed the Clerk of Court to serve the plaintiff's complaint on the United States.

3

AO 72A
(Rev.8/82)

Based on the foregoing, it is recommended that the plaintiff's FTCA claim against the Federal Bureau of Prisons and the plaintiff's *Bivens* claims be dismissed pursuant to 28 U.S.C. §1915A and 42 U.S.C. §1997e and that the case file be remanded to the undersigned for further consideration.

J. Andrew Smyser
Magistrate Judge

DATED: June 18, 2001.

4

AO 72A
(Rev.8/82)

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEROME SMITH,                       : CIVIL NO: 1:CV-01-1026
                                    :
            Plaintiff,              :
                                    : (Judge Rambo)
        v.                          :
                                    : (Magistrate Judge Smyser)
UNITED STATES OF AMERICA and        :
FEDERAL BUREAU OF PRISONS,          :
                                    :         FILED
            Defendants              :    HARRISBURG, PA

                                              JUN 1 8 2001

                                         MARY E. D'ANDREA, CLERK
                                         PER_____ DEPUTY CLERK

### NOTICE

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                         /s/ J. Andrew Smyser
                                         J. Andrew Smyser
                                         Magistrate Judge

Dated: June  18 , 2001.

AO 72A
(Rev 8/82)

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

June 18, 2001

Re: 1:01-cv-01026     Smith v. USA

True and correct copies of the attached were mailed by the clerk to the following:

Jerome Smith
FPC-ALLEN
Federal Prison Camp at Allenwood
19145-018
P.O. Box 1000
Montgomery, PA  17752

```
cc:
Judge                           (✓)        ( ) Pro Se Law Clerk
Magistrate Judge                (✓)        ( ) INS
U.S. Marshal                    (✓)        ( ) Jury Clerk
Probation                       ( )
U.S. Attorney                   ( )
Atty. for Deft.                 ( )
Defendant                       ( )
Warden                          ( )
Bureau of Prisons               ( )
Ct Reporter                     ( )
Ctroom Deputy                   ( )
Orig-Security                   ( )
Federal Public Defender         ( )
Summons Issued                  ( )  with N/C attached to complt. and served by:
                                     U.S. Marshal ( )     Pltf's Attorney ( )
Standard Order 93-5             ( )
Order to Show Cause             ( )  with Petition attached & mailed certified mail
                                     to:  US Atty Gen  ( )    PA Atty Gen ( )
                                          DA of County ( )    Respondents ( )
Bankruptcy Court                ( )
Other  _____              (✓)
```

MARY E. D'ANDREA, Clerk

DATE:  6-18-01                              BY: _____
                                                Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME SMITH, | CIVIL ACTION NO. 1:CV-01-1026 |
| Plaintiff | (Judge Rambo) |
| | (Magistrate Judge Smyser) |
| v. | |
| UNITED STATES OF AMERICA and | FILED |
| THE FEDERAL BUREAU OF PRISONS, | HARRISBURG, PA |
| Defendants | JUL 1 0 2001 |
| **ORDER** | MARY E. D'ANDREA, CLERK |
| | Per _____ Deputy Clerk |

Before the court is a report of the magistrate judge recommending that Plaintiff's FTCA claim against the Federal Bureau of Prisons and Plaintiff's *Bivens* claims be dismissed pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e. To date, no objections have been filed.[1] Accordingly, upon review of the record and applicable law, **IT IS HEREBY ORDERED THAT:**

1) The court adopts the report and recommendation of Magistrate Judge Smyser.

2) Plaintiff's *Bivens* claims are dismissed.

3) Plaintiff's FTCA claim against the Federal Bureau of Prisons is dismissed and the clerk of court shall remove the Federal Bureau of Prisons from the caption of this action.

4) This case is remanded to Magistrate Judge Smyser.

SYLVIA H. RAMBO
United States District Judge

Dated: July 10, 2001.

---

[1] Objections to the report and recommendation were due no later than July 6, 2001.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME SMITH, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil No. 1:CV-01-1192 |
| | : | (Judge Rambo) |
| FEDERAL BUREAU OF PRISONS, et al. | : | (Magistrate Judge Smyser) |
| Defendants | : | |

### CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on August 17, 2001, she served a copy of the attached

**DEFENDANTS' MOTION TO DISMISS**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Jerome Smith
Reg. No. 19145-018
FPC Allenwood
P.O. Box 1000
Montgomery, PA 17752

*Rebecca A. Plesic*
REBECCA A. PLESIC
Legal Secretary