UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEROME SMITH,
         Plaintiff    :  CIVIL NO. 1:CV-01-1192

v.    :

:  (Judge Rambo)
FEDERAL BUREAU OF PRISONS,  :  (Magistrate Judge Smyser)
    et al.,
         Defendants    :

**REPORT AND RECOMMENDATION**

The plaintiff, Jerome Smith ("Smith"), is an inmate at the Allenwood Federal Prison Camp in Montgomery, Pennsylvania ("FPC-Allenwood"). On June 29, 2001, Smith, acting *pro se*, initiated this civil action by filing a complaint that is in the nature of a *Bivens*[1] complaint alleging that the defendants failed to ensure that he receive medical treatment for his serious medical needs arising from injuries he received while working as a federal prisoner in prison industries. (Doc. 1.) Besides the Federal Bureau of Prisons, the named defendants are three members of the FPC-Allenwood staff, Associate Warden Troy

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* provides that a plaintiff can recover damages from federal agents for injuries inflicted in violation of the individual's Constitutional rights. *Bivens*, 403 U.S. at 392-97.

Levi, Dr. Biglette, and Physician's Assistant Bell, and two members of the staff at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI-Fort Dix"), Health Service Administrator Terri Ramos and Dr. John Chung. (*Id.*)

Smith alleges that he suffers severe leg and lower back pain, that his condition requires surgery, and that prison officials are not providing him with needed medical treatment. (Doc. 2.) Smith seeks the following: (1) a declaratory judgment that the defendants violated his constitutional rights and federal law; (2) a court order requiring his transfer to a medical institution for treatment; and (3) compensatory damages and punitive damages. (Doc. 1.)

On July 11, 2001, leave for the plaintiff to proceed *in forma pauperis* was granted. (Doc. 6.) On August 17, 2001, the defendants filed a motion to dismiss the complaint under Fed.R.Civ.P. 12(b) and a supporting brief which argued that this complaint should be dismissed under because it duplicates a parallel action already pending in federal court in M.D. Pa. 1:CV-01-1026. (Docs. 13, 14.) The plaintiff filed a reply on August 30, 2001. (Doc . 15.)

-2-

The complaint in M.D. Pa. 1:CV-01-1026 alleged injuries sustained by plaintiff on December 10, 1998 after he fell while working at Unicor. It contained a medical negligence claim under the Federal Tort Claims Act ("FTCA") as well as *Bivens* claims. By Order of July 10, 2001, the *Bivens* claims were dismissed because the complaint did not name as defendants any individual federal officials. *Smith v. United States* No. 1:CV-01-1026, Order (M.D. Pa., July 10, 2001)(Rambo, J.). The complaint was permitted to continue as a FTCA claim against the United States, and is pending as of this date.

The complaint in this case was filed on June 29, 2001. It alleges injuries sustained by the plaintiff on December 20, 1998 after he fell while working at Unicor.[2] In addition to the Federal Bureau of Prisons, the complaint names as defendants several individual prison officials. The plaintiff, citing 18 U.S.C. §§ 4042(a)(2)-(3), claims that the defendants failed to ensure that he receive medical treatments for his serious medical needs.

---

[2] Although the complaint in No. 1:CV-01-1026 alleges a date of injury ten days earlier, the action appears to arise from the same occurrence.

-3-

"[A] suit is duplicative of another suit if the claims, parties, and available relief do not significantly differ between the two actions."

The FTCA claim against the United States in No. 1:CV-01-1026 is distinct as to the nature of the claim and as to the party defendants from the *Bivens* claim against the Federal Bureau of Prisons and five named individual defendants in this action.  This civil action is not duplicative of the other pending action and is not subject to dismissal on that basis. However, defendant Bureau of Prisons, as an agency of the United States, is not a proper defendant in a *Bivens* action, which may be brought against only individual officials.  *FDIC v. Meyer*, 540 U.S. 471, 484-86 (1994).  The claim against the Bureau of Prisons should be dismissed on that basis.

Based on the foregoing, it is recommended that the defendants' motion to dismiss this complaint as duplicative of another pending action be denied. It is recommended that the claim against the Federal Bureau of Prisons be dismissed.

J. Andrew Smyser
Magistrate Judge

Dated: November 27, 2001

FILED
HARRISBURG, PA

NOV 27 2001

MARY E. D'ANDREA, CLER
PER_____
(DEPUTY CLERK)

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEROME SMITH,
    Plaintiff

v.

FEDERAL BUREAU OF PRISONS,
    et al.,
    Defendants

: CIVIL NO: 1:CV-01-1192
:
: (Judge Rambo)
: (Magistrate Judge Smyser)

## NOTICE

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §§ 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within ten (10) days** after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                              J. Andrew Smyser
                                                              Magistrate Judge

Dated: November 27, 2001

AO 72A
(Rev.8/82)

```
              UNITED STATES DISTRICT COURT
                        FOR THE
               MIDDLE DISTRICT OF PENNSYLVANIA

             * * MAILING CERTIFICATE OF CLERK * *

                       November 27, 2001


Re:  1:01-cv-01192    Smith v. Federal BOP


True and correct copies of the attached were mailed by the clerk
to the following:


     Jerome Smith
     FPC-ALLEN
     Federal Prison Camp at Allenwood
     19145-018
     P.O. Box 1000
     Montgomery, PA  17752

     Mark E. Morrison, Esq.
     Office of the United States Attorney
     P.O. Box 11754
     Harrisburg, PA  17108-1754




cc:
Judge                          ( /)            ( ) Pro Se Law Clerk
Magistrate Judge               ( /)            ( ) INS
U.S. Marshal                   ( )             ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( )  with N/C attached to complt. and served by:
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( )  with Petition attached & mailed certified mail
                                    to:  US Atty Gen   ( )   PA Atty Gen   ( )
                                         DA of County  ( )   Respondents   ( )
Bankruptcy Court               ( )
Other  Hopdu                   (/)
                                                    MARY E. D'ANDREA, Clerk
```

DATE: _____11/27/01_____          BY: _____[signature]_____
                                       Deputy Clerk