# ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME SMITH | : |
| Plaintiff | : CIVIL No. 1:CV-01-1192 |
| v. | : (Magistrate Judge Smyser) |
| Troy Levi, Leon Biglete, (PA) Bell, Terri Ramos, John Chung | : Bivens Action Complaint |
| Defendants. | oOo |

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE PROPOSED FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT MADE PURSUANT TO 28 U.S.C. § 1331**

FILED
HARRISBURG, PA
DEC 0 5 2001
MARY E. D'ANDREA
Per _____
Deputy Clerk

**NOW COMES** The Plaintiff, Jerome Smith, pro se, and submits his objections to Magistrate Judge Smyser, proposed findings, and recommendation to dismiss his complaint made pursuant to 28 U.S.C. § 1331 Bivens Complaint.

Pursuant to 28 U.S.C. §§ 636 (b)(1)(B), any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §§ 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within ten (10) days** after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.

-1-

I.

## INTRODUCTION

The Plaintiff, Jerome Smith ("Smith"), is an inmate at the Allenwood Federal Prison Camp in Montgomery, Pennsylvania ("FPC-Allenwood"). On June 29, 2001, Smith, acting pro se, initiated this civil action by filing a complaint that is in the nature of a Bivens complaint alleging that defendants failed to ensure that he received medical treatments for his serious medical needs arising from injuries he sustained while working as a federal prisoner in prison industries.

II.

## ARGUMENTS

Plaintiff asserts that the Federal Bureau of Prisons ("BOP") was named in the caption of the Bivens Complaint # 1: CV-01-1192, in error, wherein it was never intended for the ("BOP") to be named as a defendant.

Plaintiff is in opposition to having his Bivens complaint dismissed merely for an error in the caption. Plaintiff contends that he intended to name the five individuals named in the Bivens Action whom are employed by the Federal Bureau of Prisons who are directly responsible for the civil rights violations alleged in the complaint.

Plaintiff agrees with Magistrate Judge Smyser findings that a Bivens complaint cannot be filed against a federal agency suchas the ("BOP"). However, it is submitted for the record that Plaintiff did so in error.

As this court is aware, Plaintiff filed a motion dated June 20, 2001, to request for assistance of counsel to assist with this litigation presently pending. Consequently, that motion was denied, and the court stated that the Plaintiff could communicate effectively with the court. See (Motion filed June 20, 2001).

Moreover, in that motion, Plaintiff pointed out that he suffers from a bipolar-disorder, which typically features episodes of major depression, whereas causes his inability to think clearly at times, and being unable to concentrate due to a chemical imbalance in the brain. Thus, this medical condition is documented in his medical records before the court, and Plaintiff should be given the opportunity to correct the error made in the caption of his Bivens action complaint which the Federal Bureau of Prisons ("BOP"), was never intended to be a defendant alleged in the complaint.

Therefore, Plaintiff respectfully request that the Court hold his pleadings to less stringent standards than formal pleadings drafted by lawyers. (citing **Haines v. Kerner**).

One reason given by the Supreme Court for applying a more lenient standard when testing the sufficiency of a complaint filed by an inmate seeking leave to proceed in forma pauperis was that a plaintiff faced with a Rule 12(b)(6) motion would receive notice, through the motion, of deficiencies in the complaint; the plaintiff could then often amend the complaint, avoiding a dismissal. See Haines v. Kerner, 404 US 519, 92 S.Ct. 594, 30 L.Ed2d 652.

### III.

### CONCLUSION

The U.S. Supreme Court notice that in pro se complaints, there are some times when a complaint fails to state a claim upon which relief can be granted and yet the complaint is not "frivolous", which should not be dismissed. Likewise, plaintiff's complaint for making a error in the caption should not be dismissed, instead, the court should allow plaintiff to amend his complaint striking from the record ("BOP") as an defendant, and proceed with the Bivens complaint against the named defendants.

Based on the foregoing, it is requested by plaintiff that his complaint against the named defendants proceed, and the caption be corrected opposed to dismissing the entire complaint due to error in the caption.

**WHEREFORE,** The Plaintiff, Jerome Smith, prays this Honorable Court accepts this objection for the reasons stated herein, and proceed with the Bivens action against the named defendants.

Respectfully submitted,

*Jerome Smith*
Jerome Smith #19145-018
Allenwood Federal Prison Camp
Dorm C
P.O. Box 1000
Montgomery, Pa 17752

Dated: **November 30, 2001**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEROME SMITH                             :

    Plaintiff                            :       CIVIL ACTION No. 1:CV-01-1192

v.                                       :       (Magistrate Judge Smyser)

Troy Levi, Dr. Leon Biglete, (PA) Bell   :
Terri Ramos, Dr. John Chung              :

    Defendants.                          :
                             oOo

### CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that he is an inmate at Allenwood Federal Prison Camp - P.O. Box 1000 - Montgomery, Pennsylvania.

That this 29th day of November, 2001, he served a copy of the attached

### PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE PROPOSED FINDINGS, AND RECOMMENDATION TO DISMISS COMPLAINT MADE PURSUANT TO 28 USC § 1331

by placing said copy in a postpaid envelope adressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Allenwood Federal Prison Camp - Montgomery, Pennsylvania.

ADRESSEE:

Mark E. Morrison Esq.
United States Attorney
228 Walnut Street, 2Floor
P.O. Box 11754
Harrisburg, Pa 171-8-1754

                                                  */s/ Jerome Smith*
                                        Jerome Smith   # 19145-018