UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEROME SMITH,

    Plaintiff

v.

FEDERAL BUREAU OF PRISONS,
Troy Levi, Dr. Biglete,
P.A. Bell, Terri Ramos and
John Chung,

    Defendants

CIVIL CASE No. 1:CV-01-1192

(Judge Rambo)

(Magistrate Judge Smyser)

..oOo..

FILED
HARRISBURG, PA
JAN 2 3 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

### PLAINTIFF'S OBJECTIONS TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

**NOW COMES** The Plaintiff, Jerome Smith, a prisoner proceeding pro se, and commenced this action by filing a complaint on June 29, 2001. Plaintiff submits his objections before this Honorable Court in opposition to the defendant's request to dismiss the complaint pursuant to Civil No. 1:CV-01-1192, and contends that the defendant's argue incorrectly concerning the exhaustion of administrative remedies.

On January 26, 2001, plaintiff received a memorandum from the Northeast Regional Office, Philadelphia, Pennsylvania - Mr. Henry J. Sadowski, Regional Counsel advising the plaintiff that he had six (6) months of the date of this memorandum to file said complaint in the United States District Court. <u>See</u> (**Attached Exhibit "A"**).

Therefore, plaintiff has exhaust his administrative remedies within the federal institution, to include the regional office for filing said complaints.

-1-

Moreover, on January 4, 2002, an order was issued by the Middle District Court (Case Management Order) for discovery in this case. Thus, plaintiff will show injury, and the parties whom are responsible for said injuries during the discovery process over the next few months, and after further medical examination.

**Wherefore,** Plaintiff prays that defendants motion to dismiss pursuant to Fed. R. Civ. P. 12(b) be denied for the reasons stated herein.

Respectfully submitted,

*Jerome Smith*
Jerome Smith #19145-018
Allenwood Federal Prison Camp
Dorm C
P.O. Box 1000
Montgomery, Pa 17752

Dated: January 16, 2002

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEROME SMITH,                              :

      Plaintiff                      :     CIVIL CASE No. 1:CV-01-1192

   v.                                      :     (Judge Rambo)

FEDERAL BUREAU OF PRISONS                  :     (Magistrate Judge Smyser)
Troy Levi, Dr. Biglete,                    :
P.A. Bell, Terri Ramos and
John Chung,                                :

      Defendants                     :
           ..oOo..

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that he is an inmate at Allenwood Federal Prison Camp - P.O. Box 1000 - Montgomery, Pennsylvania.

That on January 16, 2002, he served a copy of the attached

### PLAINTIFF'S OBJECTIONS TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Allenwood Federal Prison Camp.

ADDRESSEE:

Mark E. Morrison Esq.
Assistant U.S. Attorney
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, Pa 17108-1754

*/s/ Jerome Smith*
Jerome Smith #19145-018

---

# E X H I B I T S " A "

---

Case 1:01-cv-01192-SHR   Document 25   Filed 01/23/2002   Page 4 of 8

MCC:MEM:all/2001V00743

FILED
HARRISBURG

JAN 1 6 2002

MARY E. D'ANDREA, CLERK
Per_____
        DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JEROME SMITH,                          :
            Plaintiff                  :
                                       :
      v.                               :   Civil No. 1:CV-01-1192
                                       :     (Judge Rambo)
FEDERAL BUREAU OF PRISONS, et al.      :     (Magistrate Judge Smyser)
            Defendants                 :

### DEFENDANTS' MOTION TO DISMISS

Defendants ask the Court to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b) for failure to exhaust administrative remedies. A brief in support of this motion will be filed in accordance with M.D. Pa. Local Rule 7.5.

Counsel certifies that he has not obtained the concurrence of plaintiff pursuant to M.D. Pa. Local Rule 7.1 because plaintiff is a prisoner proceeding pro se.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

*/s/ Mark E. Morrison*

MARK E. MORRISON
Assistant U.S. Attorney

ANITA L. LIGHTNER
Paralegal Specialist
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA 17108-1754
(717)221-4482

Dated:   January 16, 2002

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JEROME SMITH,                              :
         Plaintiff                         :
                                           :
         v.                                :    Civil No. 1:CV-01-1192
                                           :     (Judge Rambo)
FEDERAL BUREAU OF PRISONS, et al.          :    (Magistrate Judge Smyser)
         Defendants                        :


## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on January 16, 2002, she served a copy of the attached

### DEFENDANTS' MOTION TO DISMISS

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Jerome Smith
Reg. No. 19145-018
FPC Allenwood
P.O. Box 1000
Montgomery, PA 17752


_____ for
ANITA L. LIGHTNER
Paralegal Specialist

UNITED STATES GOVERNMENT

# Memorandum

Northeast Regional Office, Philadelphia, PA
FEDERAL BUREAU OF PRISONS

DATE: January 26, 2001

REPLY TO
ATTN OF: Henry J. Sadowski, Regional Counsel

SUBJECT: Your Administrative Tort Claim, No. TRT-NER-2000-02253

TO: Jerome Smith, Reg. No. 19145-018
    FPC Allenwood

Your Administrative Tort Claim No. TRT-NER-2000-02253, dated August 3, 2000, and properly received in this agency on August 7, 2000, has been considered for settlement as provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R. § 543.30. You seek $500,000.00 in compensatory damages for an alleged personal injury. Specifically, you claim medical staff at the Federal Correctional Institution (FCI), Fort Dix, New Jersey, and the Federal Prison Camp (FPC), Allenwood, Pennsylvania, demonstrated deliberate indifference toward your medical needs, resulting in permanent injury, pain and mental anguish. You assert that this painful injury occurred on December 10, 1998, while you were working in UNICOR.

After careful review of this claim, I have decided not to offer a settlement. Investigation reveals that you came into custody with the Federal Bureau of Prisons with an existing back injury which occurred in 1984. This injury, according to medical records available, resulted in a herniated disc. Medical records indicate that you reported a fall at work on December 10, 1998, however, there is no indication that this resulted in any further injury to your back. You were evaluated by orthopedic consultants at FCI Fort Dix and FPC Allenwood. It was the opinion of the orthopedic consultants, until recently, that your treatment would be managed without surgery. Your condition has recently demonstrated a need for surgical repair. However, on January 16, 2001, you refused to go to the appointment made for you with the neurosurgeon. You are now expressing concerns about undergoing surgery. You fail to show that negligence on the part of any Bureau of Prisons' employee has resulted in your alleged personal injury.

Accordingly, your claim is denied. If you are dissatisfied with this decision, you may seek reconsideration by this office or bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this memorandum.

cc: Nancy Bailey, Warden, FCI Fort Dix
    Jonathan C. Miner, Warden, FPC Allenwood

§ 11.6.1

§ 11.6.1  CIVIL AND CRIMINAL LIABILITIES OF PRISON OFFICIALS  273

and (5) for independent review of the disposition of grievances, including alleged reprisals, by a person or other entity not under the direct supervision or direct control of the institution.[82]

Although *Patsy v. Board of Regents of Florida* held that plaintiffs need not exhaust state administrative remedies before instituting § 1983 suits in federal court, the doctrine does not apply to state "notice of claims" statutes, on the theory that states retain the authority to prescribe the rules and procedures governing suits in their courts. That authority does not extend so far as to permit states to place conditions on the vindication of a federal right. Congress meant to provide individuals with immediate access to the federal courts and did not contemplate that those who sought to vindicate their federal rights in state courts could be required to seek redress in the first instance from the very state officials whose hostility to those rights precipitated their injuries. There is no merit to the contention that the exhaustion requirement imposed by the "notice of claims" statutes are essentially de minimis because the statutory settlement period entails none of the additional expense or undue delay typically associated with administrative remedies, and does not alter a claimant's right to seek full compensation through suit. Moreover, to the extent that the exhaustion requirement is designed to sift out "specious claims" from the stream of complaints that can inundate local governments in the absence of immunity, such a policy is inconsistent with the aims of the federal legislation.[83]

The United States Supreme Court directly addressed the issue of whether a federal prisoner must resort to the internal grievance procedure promulgated by the Federal Bureau of Prisons before he or she may initiate a suit, pursuant to the authority of *Bivens v. Six Unknown Named Agents*.[84]

In *McCarthy v. Maddigan*,[85] a federal prisoner brought an action for damages, alleging that federal prison officials had violated his Eighth Amendment rights by their deliberate indifference to his needs and medical condition. The District Court dismissed his complaint on the ground that he failed to exhaust the Bureau of Prisons' administrative remedy procedure.[86] The remedy procedure included, among other things, rapid filing and response timetables to promote efficient dispute resolution, but did not provide for any kind of hearing or granting of any particular type of relief.

The United States Supreme Court held that exhaustion of the Bureau of Prisons' administrative procedure is not required before a federal prisoner can initiate a *Bivens* action solely for money damages. Specifically, the Court stated that unless a federal statute requires exhaustion, the federal courts must exercise sound judicial discretion by balancing the individual's interest in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion of internal remedies. Where there is

---

[82] *Patsy v. Florida Board of Regents*, 457 U.S. 496 (1982).
[83] *Felder v. Casey*, 487 U.S. 131 (1988).
[84] 403 U.S. 388 (1971). *Bivens* authorizes federal inmate relief in federal court similar to that available to state inmates under 42 U.S.C. § 1983.
[85] 503 U.S. 140 (1992).
[86] 28 C.F.R. § 542.