UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JEROME SMITH,
  Plaintiff

  v.           Civil No. 1:CV-01-1192

FEDERAL BUREAU OF PRISONS, et al.   (Judge Rambo)
  Defendants         (Magistrate Judge Smyser)

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

I. **Statement of the Case**

This is a Bivens[1] action brought by a federal prisoner, Jerome Smith, an inmate currently incarcerated at the Allenwood Federal Prison Camp in Montgomery, Pennsylvania ("FPC Allenwood"). Smith's complaint alleges that the defendants were deliberately indifferent to Smith's serious medical needs and failed to provide medical treatment following a 1998 fall while working in Unicor, Federal Prison Industries. Complaint, pp. 2-3. As relief, Smith requests declaratory judgment for violation of federal law and the United States Constitution, $250,000 in compensatory damages against each of the defendants, punitive damages twice the amount

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

of compensatory damages requested, and an order for the BOP to transfer Smith to a medical institution. Complaint, p.3.

Defendants argue that Smith's complaint should be dismissed as Smith has failed to exhaust his administrative remedies with regard to the claims raised in this <u>Bivens</u> action.

## II. <u>Statement of the Case</u>

On July 29, 2001, Smith filed this <u>Bivens</u> complaint against the following defendants: the Federal Bureau of Prisons ("BOP"),[2] Associate Warden Troy Levi, Dr. Biglette, and Physician's Assistant ("P.A.") Bell of FPC Allenwood; as well as Health Service Administrator Terri Ramos and Dr. John Chung of the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Ft. Dix"). Complaint, p.2. On July 11, 2001, the Court ordered service of Smith's complaint upon the defendants and a Summons was issued. Defendants were served by mail on July 26, 2001.

On August 17, 2001, defendants filed a motion to dismiss Smith's complaint as being duplicative of a combined Federal Tort Claim Act and <u>Bivens</u> complaint filed by Smith on June 8, 2001, at Civil No. 1:CV-01-1026. On November 27, 2001, a Report and Recommendation was issued by Magistrate Judge Smyser, recommending that 1) the motion to dismiss this complaint as duplicative be denied, and 2) the claim against the BOP be dismissed. Smith then

---

[2]By Order of November 27, 2001, the BOP was dismissed as a defendant in this action.

2

filed a motion to amend his complaint by removing the BOP as a defendant. By Order of January 2, 2002, the Court adopted the Report and Recommendation of Judge Smyser, denied defendants' motion to dismiss, dismissed the BOP from this action and denied Smith's motion to amend as moot. A Case Management Order was issued on January 4, 2002.

On January 16, 2002, defendants filed a motion to dismiss the instant complaint for failure to exhaust administrative remedies. Smith filed objections to defendants' motion to dismiss, dated January 16, 2002, arguing that he has exhausted his administrative remedies. This brief is filed in support of defendants' motion to dismiss for failure to exhaust administrative remedies.

### III. Statement of Facts

On December 10, 1998, Smith was incarcerated at the Federal Correctional Institution at Fort Dix, New Jersey. Complaint, p.2, ¶5. While on a work assignment in Unicor, Federal Prison Industries, Smith slipped and fell, "falling over a desk, and hitting his left knee and lower back on the floor." Complaint, p.3, ¶8.

The BOP has established an administrative remedy procedure through which an inmate can seek formal review of any complaint regarding any aspect of his imprisonment, if less formal procedures do not resolve the matter, pursuant to 28 C.F.R.

3

§542.13. Exh.1, ¶3. In order to exhaust appeals under the Administrative Remedy Procedure for inmates, an inmate must first raise his complaint to his Unit Team through an Informal Resolution Attempt. Exh.1, ¶4. If the concern is not informally resolved, the inmate may file an appeal to the Warden of the institution where he is confined. Id. He may then further appeal an adverse decision to the Regional Director and then to the Central Office of the BOP. See 28 C.F.R. §542, et seq. No administrative remedy appeal is considered to have been finally exhausted until it has been denied by the BOP's Central Office. Id.

In the ordinary course of business, computerized indexes of all formal administrative process filed by inmates are maintained by the Institution, Regional and Central Offices of the BOP so that rapid verification can be made as to whether an inmate has exhausted the administrative remedy process on a particular issue. Exh.1, ¶5. Informal resolution attempts are not retained by a computerized index. Id.

On January 11, 2002, a search was conducted of the records to determine whether Smith had exhausted the administrative remedy process regarding the issues he raised in the instant complaint. Exh.1, ¶6. This review revealed that Smith has not exhausted available administrative remedies for any of the issues raised in his complaint Exh.1, ¶6, Att.1.

Specifically, the records show that Smith filed five administrative remedy requests, none of which are related to the issues raised in the instant complaint. Exh.1, ¶7. Smith has not filed any administrative remedy requests since 1996; therefore, any administrative remedy requests he has filed could not relate to a fall which occurred in 1998 and the subsequent medical care. Exh.1, ¶7; Att.1.

In fact, Smith has not exhausted the administrative remedy process regarding any issue at any time during his incarceration. Exh.1, ¶8. In 1996, Smith filed five administrative remedy requests concerning medical care. Exh.1, Att.1. However, the administrative remedy request Smith mailed to the BOP Central Office was rejected for failure to use the proper form. Exh.1, ¶9. At that time, Smith was given notice that he had fifteen days to resubmit his request on the proper form; however Smith did not resubmit his request to the Central Office. Id. Therefore, he has not exhausted the administrative remedy process regarding that issue. Id.

## IV. Question Presented

Should Smith's complaint be dismissed in that Smith has failed to exhaust his administrative remedies regarding the issues raised in his complaint?

Suggested answer in the affirmative.

5

## V. <u>Argument</u>

**SMITH'S COMPLAINT SHOULD BE DISMISSED IN THAT SMITH HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES REGARDING THE ISSUES RAISED IN HIS COMPLAINT.**

On April 26, 1996, President Clinton signed into law the Omnibus Consolidated Rescissions and Appropriations Act. Title VIII of that omnibus appropriations bill is the Prison Litigation Reform Act of 1995 ("PLRA"), which contains amendments significantly affecting prison litigation. The PLRA became effective on April 26, 1996, the date of its enactment, <u>Martin v. Hadix</u>, 527 U.S. 343 (1999), and applies to <u>all</u> prisoner complaints filed after that date. <u>Ghana v. Holland</u>, 226 F.3d 175 (3rd Cir. 2000).

Section 803 of the PLRA amended section 3(c) of the Civil Rights of Institutionalized Persons Act (42 U.S.C. §1997a(c)) by requiring prisoners to exhaust their administrative remedies prior to filing such claims and by narrowing the availability of relief. Specifically, the statutory exhaustion requirement set forth in §1997e(a) states that:

> [n]o action shall be brought with respect to prison conditions under [42 U.S.C. §1983], or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility **until such administrative remedies as are available are exhausted.**

Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996) (codified at 42 U.S.C. §1997e(a)(1996))(emphasis added).

6

Section 1997e(a) applies equally to §1983 actions and to Bivens actions. Nyhuis v. Reno, 204 F.3d 65, 68 (3rd Cir. 2000). As held by the Circuit, "[Section 1997e(a)] 'specifically mandates' that inmate-plaintiffs exhaust their available administrative remedies, . . . by providing that '[n]o action shall be brought' until the inmate-plaintiff has done so. Accordingly, ... it is beyond the power of this court – or any other – to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis, 204 F.3d at 73 (citations omitted).

Claims for monetary relief are not exempt from the exhaustion requirements because to do so would frustrate the intent of the PLRA. "It would enable prisoners, as they became aware of such an exemption, to evade the exhaustion requirement, merely by limiting their complaints to requests for money damages. ... Such a result would do little to 'stem the tide of meritless prisoner cases' as Congress intended." Nyhuis, 204 F.3d at 74 (quoting Beeson v. Fishkill Correctional Facility, 28 F. Supp. 2d 884, 893 (S.D.N.Y. 1998)). Accordingly, dismissal of a plaintiff's complaint is appropriate when an inmate has failed to exhaust his available administrative remedies before bringing an action under §1983. Booth, 206 F.3d at 289 n.3, 300 (district court appropriately dismissed action even though time for plaintiff to

7

cure defect in complaint is long past); <u>Ahmed v. Sromovski</u>, 103 F. Supp.2d 838, 843 (E.D. Pa. 2000).

In this case, Smith failed to exhaust his administrative remedies before bringing this lawsuit. Smith argues that he "received a memorandum from the Northeast Regional Office ... advising the plaintiff that he had six (6) months of the date of this memorandum to file said complaint in the United States District Court." <u>See</u> Plaintiff's Objections to Defendant's Motion to Dismiss Complaint, p.1, att.2. The memorandum Smith attaches to his objections is an Administrative Tort Claim, not an administrative remedy for this <u>Bivens</u> action.

The BOP's regulations clearly set forth, in specific detail, the proper procedures for filing administrative remedies, including form, deadlines, exceptions, extensions of time, assistance, etc. <u>See</u> 28 C.F.R. §542.10, <u>et seq.</u> Smith has not filed any administrative remedies with regard to the claims raised in this <u>Bivens</u> action.

The exhaustion doctrine has been developed to facilitate judicial review by allowing the appropriate agency to develop a factual record and apply its expertise, to conserve judicial resources, and to follow the defendant agency the first opportunity to correct its own errors. <u>See</u> <u>Moscato v. Federal Bureau of Prisons</u>, 98 F.3d 757 (3d Cir. 1996). If a federal prisoner fails

8

to follow the detailed procedures and guidelines to exhaust his administrative remedies, the action cannot be maintained.

In light of Smith's failure to exhaust his available administrative remedies, therefore, the complaint should be dismissed. <u>Nyhuis v. Reno</u>, 204 F.3d at 78; <u>Booth v. Churner</u>, 206 F.3d at 300; <u>Ahmed v. Sromovski</u>, 103 F. Supp.2d at 843.

### VI. Conclusion

For the reasons stated above, Smith's complaint should be dismissed for failure to exhaust administrative remedies.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

*/s/ Mark E. Morrison*

MARK E. MORRISON
Assistant U.S. Attorney

ANITA L. LIGHTNER
Paralegal Specialist
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108-1754
(717)221-4482

Dated:    January 31, 2002

9

```
                    UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF PENNSYLVANIA

JEROME SMITH,                       :
          Plaintiff                 :
                                    :
     v.                             :    Civil No.  1:CV-01-1192
                                    :
FEDERAL BUREAU OF PRISONS, et al.   :    (Judge Rambo)
          Defendants                :    (Magistrate Judge Smyser)
```

### CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on January 31, 2002, she served a copy of the attached

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Jerome Smith
Reg. No. 19145-018
FPC Allenwood
P.O. Box 1000
Montgomery, PA 17752

/s/ Anita L. Lightner
ANITA L. LIGHTNER
Paralegal Specialist