UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME SMITH, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil No.  1:CV-01-1192 |
| | : | |
| FEDERAL BUREAU OF PRISONS, et al. | : | (Judge Rambo) |
| Defendants | : | (Magistrate Judge Smyser) |

**EXHIBIT TO BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

MARTIN C. CARLSON
United States Attorney

MARK E. MORRISON
Assistant U.S. Attorney

ANITA L. LIGHTNER
Paralegal Specialist
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108-1754
(717)221-4482

Dated:     January 31, 2002

**INDEX**

Declaration of S. Albert-Blosser . . . . . . . . . . . . Exh.1

    Bureau of Prisons' SENTRY Report, Administrative
    Remedy Generalized Retrieval . . . . . . . . . . . . Att.1

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEROME SMITH,     :
   Plaintiff    :
          :
  v.       :  Civil No. 1:CV-01-1192
          :
          :
FEDERAL BUREAU OF PRISONS, :
et al.        :
   Defendant   :

## DECLARATION OF S. ALBERT-BLOSSER

I, S. Albert-Blosser, do declare and state as follows:

1. I am a Paralegal Specialist at the United States Department of Justice, Federal Bureau of Prisons (BOP), and I am assigned to the Consolidated Legal Center, Allenwood, Pennsylvania. I have been employed with the BOP since September 1997. I have worked as a Paralegal Specialist since April 2001. As a result of my position, I have access to Bureau of Prisons' files, including computer files maintained in the ordinary course of business on inmates incarcerated at FCC-Allenwood.

2. I have reviewed the Bivens complaint filed by the Plaintiff, inmate Jerome Smith, Federal Register Number 19145-018, in which he alleges that the defendants breached their duty of care by failing to ensure that he received "medical treatments for his serious medical needs" following a 1998

 GOVERNMENT EXHIBIT 1

fall in UNICOR.  He also alleges that the Defendants violated his rights by transferring him to the segregation unit.

3.    The Bureau of Prisons has established an administrative remedy procedure through which an inmate can seek formal review of any complaint regarding any aspect of his imprisonment, if less formal procedures do not resolve the matter, pursuant to 28 C.F.R. §542.13.

4.    In order to exhaust appeals under the Administrative Remedy Procedure for inmates, an inmate must first raise his complaint to his unit team through an Informal Resolution Attempt.  If the concern is not informally resolved, the inmate may file an appeal to the Warden of the institution where he is confined.  He may then further appeal an adverse decision to the Regional Director and then to the Central Office of the Federal Bureau of Prisons. See 28 C.F.R. § 542, et seq.  No administrative remedy appeal is considered to have been finally exhausted until it has been denied by the Bureau of Prisons' Central Office.

5.    In the ordinary course of business, computerized indexes of all formal administrative process filed by inmates are maintained by the Institution, Regional, and Central Offices

so that rapid verification may be made as to whether an
inmate has exhausted the administrative remedy process on a
particular issue.  Informal resolution attempts are not
retained by a computerized index.

6.    On January 11, 2002, I conducted a search of the records to
determine whether or not the Plaintiff had exhausted the
administrative remedy process regarding the issues he raised
in his complaint.  This review has revealed that the
Plaintiff has **not** exhausted available administrative
remedies for all of the issues that he has raised in his
complaint.  I have attached the Plaintiff's Sentry
transaction sheet showing administrative remedies as
Attachment 1 to this Declaration.

7.    Specifically, the Plaintiff has filed a total of five (5)
administrative remedy requests, none of which are related to
the issues raised in his complaint, as the administrative
remedy requests were filed prior to the time period
complained of.  The Plaintiff has not filed any
administrative remedy requests since 1996.  Therefore, any
administrative remedy requests he has filed could not relate
to a fall which occurred in 1998 and the subsequent medical
care.

8.   In addition, the Plaintiff has not exhausted the
     administrative remedy process regarding any issue at any
     time during his period of incarceration.

9.   The Plaintiff filed five (5) administrative remedy requests
     in 1996, concerning medical care.  However, the
     administrative remedy request he mailed to the Central
     Office was rejected for failure to file his request or
     appeal on the proper form.  At that time, the Plaintiff was
     given notice that he had 15 days to resubmit his request on
     the proper form.  Records show that the Plaintiff did not
     resubmit his request to the Central Office.  Therefore, he
     has not exhausted the Administrative Remedy Process
     regarding that issue.

10.  In sum, the Plaintiff has failed to exhaust available
     administrative remedies regarding the issues he raises in
     his complaint.

I certify that the documents attached to this declaration are true and correct copies of documents kept in the ordinary course of business by the Federal Bureau of Prisons. I further declare under penalty of perjury in accordance with the provisions of 28 U.S.C. § 1746 that the above is accurate to the best of my knowledge and belief.

_____

S. Albert-Blosser
Paralegal Specialist
FCC-Allenwood

_____
Date   1/11/02

**<u>Smith v. Federal Bureau of Prisons</u>, et al.**
**1:CV-01-1192**
Albert-Blosser Declaration

# ATTACHMENT #1

```
ALFLJ          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *       01-11-2002
PAGE 002 OF 002 *                   SINGLE LINE FORMAT           *       16:02:40
```

| REMEDY-ID | LAST NAME | REGISTER NUMBER | SUBJ1 | SUBJ2 | ORIG FACL | DATE RCV | STATUS | STATUS DATE |
|---|---|---|---|---|---|---|---|---|
| 104400-F1 | SMITH | 19145-018 | 26AM | | BUT | 02-28-1996 | CLG | 03-12-1996 |
| 104400-R1 | SMITH | 19145-018 | 26AM | | BUT | 04-12-1996 | REJ | 04-16-1996 |
| 104400-R2 | SMITH | 19145-018 | 26AM | | BUT | 05-03-1996 | REJ | 05-06-1996 |
| 104400-R3 | SMITH | 19145-018 | 26AM | | BUT | 05-23-1996 | CLD | 06-11-1996 |
| 104400-A1 | SMITH | 19145-018 | 26AM | | BUT | 07-12-1996 | REJ | 07-12-1996 |

```
              5 REMEDY SUBMISSION(S) SELECTED
G0000         TRANSACTION SUCCESSFULLY COMPLETED
```

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JEROME SMITH,                          :
                 Plaintiff            :
                                       :
           v.                          :      Civil No.  1:CV-01-1192
                                       :
FEDERAL BUREAU OF PRISONS, et al.     :      (Judge Rambo)
                 Defendants            :      (Magistrate Judge Smyser)

## CERTIFICATE OF SERVICE BY MAIL

          The undersigned hereby certifies that she is an
employee in the Office of the United States Attorney for the
Middle District of Pennsylvania and is a person of such age and
discretion as to be competent to serve papers.

          That on January 31, 2002, she served a copy of the
attached

     **EXHIBIT TO BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

by placing said copy in a postpaid envelope addressed to the
person hereinafter named, at the place and address stated below,
which is the last known address, and by depositing said envelope
and contents in the United States Mail at Harrisburg,
Pennsylvania.

Addressee:

Jerome Smith
Reg. No. 19145-018
FPC Allenwood
P.O. Box 1000
Montgomery, PA 17752

ANITA L. LIGHTNER
Paralegal Specialist