UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JEROME SMITH                          :

    Plaintiff                     :  CIVIL CASE No. 1:01-CV-1192

v.                                    :  (Judge Rambo)

FEDERAL BUREAU OF PRISONS, et         :  (Magistrate Judge Smyser)

    Defendants                    :
..oOo..

**PLAINTIFF'S FURTHER OBJECTS TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CIVIL COMPLAINT MADE PURSUANT TO BIVENS ACTION 28 U.S.C. 1331**

### I. Statement of the Case

This is a <u>Bivens</u> action brought by a federal prisoner, Jerome Smith, an inmate currently incarcerated at the Allenwood Federal Prison Camp in Montgomery, Pennsylvania ("FPC Allenwood").

Smith's complaint alleges that the defendant's were deliberately indifference to his serious medical needs and failed to provide medical treatments as was recommended by outside institutional doctors, whom had examined him, following a 1998 fall while working in Unicor, Federal Prison Industries, to include forcing him to work, institutional jobs knowing that the plaintiff is legally disabled, and suffers from a depressive disorder.

Smith **requested** in his complaint that (1) the court grant declaratory judgment for violation of a federal statute, and Plaintiff's United States constitutional rights (2) $250,000 in compensatory damages twice the amount of compensatory damages and (3) order the B.O.P. to transfer him to a medical institution for medical treatments, which is now moot, since Smith is being released into a Community Corrections Center on February 5, 2002.

-1-

Defendants argued that Smith's complaint should be dismissed as Smith has failed to exhaust his administrative remedies with regard to the claims raised in this <u>Bivens</u> action. <u>See</u> (Defendant's Brief P. 2). issued on January 31, 2002.

## II.  ARGUMENT

The defendant cites the PLRA which became effective (Prison Litigation Reform Act of 1995) on April 26, 1996, the date of its enactment, as a basis to dismiss plaintiff's complaint. However, Plaintiff is in opposition to the dismissal of said complaint for the following reasons:

Accordingly, the PLRA was amended bringing barriers to Section 1983 Actions Imposed by the PLRA. In order to recover for a mental or emotional injury suffered while in custody, a plaintiff must first establish physical injury. <u>See</u> **42 U.S.C. § 1997e(e) (Supp. II 1996),** and the same requirements applies to suits filed as **Bivens** actions against federal officials. <u>See</u>  **28 U.S.C. § 1346(b) (Supp. II 1996).**

Moreover, prisoner's are not required to exhaust administrative remedies under the **PLRA** if they seek monetary damages for which the administrative process allows no reward. <u>See</u> **Rumbles v. Hill, 182 F.3d 1064, 1069 (9th Cir. 1999).** Furthermore, exhaustion requirement is fulfilled by informally written complaints because prison officials were aware of prisoner's situation in this case. <u>See</u> **Williams v. Norris, 176 F.3d 1089, 1090 (8th Cir. 1998).**

The district court has already screen Plaintiff's <u>Bivens</u> action which is required before docketing the complaint. Under this procedure, a federal court is required to identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

This is not a frivolous complaint, and the Plaintiff requested from the court to hold his complaint to less stringent standards that formal pleadings drafted by lawyers. (**Citing <u>Haines v. Kerner,</u> 404 U.S. 519, 92 S.Ct. 592, 30 L.Ed.2d 652**).

Therefore, if there is an error on behalf of the plaintiff's complaint against the defendant's, the complaint should be allowed to be corrected or modified, if the magistrate judge made an mistake when screening the complaint for errors, because a § 1983 case filed by a prisoner in a federal court will not necessarily first be heard by a federal district court judge. The Federal Magistrate Act authorizes federal judges to refer "prisoner petitions challenging conditions of confinement" to magistrates for a hearing. 28 U.S.C. § 636(b)(1)(B). At no time during this litigation, did the court advise the Plaintiff as to any requirement concerning exhaustion of administrative remedies in a <u>Bivens</u> action. The <u>Bivens</u> action complaint does' not set forth a exhaust of administrative remedy requirement as the defendant's cited in its brief. In McCarthy v. Maddigan, a federal prisoner brought an action for damages, alleging that federal prison officials had violated

-3-

his Eighth Amendment rights as here, by their deliberate indifference to his needs and medical condition. The District Court dismissed his complaint on the ground that he failed to exhaust the Bureau of Prisons administrative remedy procedure. The remedy procedure included, among other things, rapid filing and response timetables to promote efficient dispute resolution, but did not provide for any kind of hearing or granting of any particular type of relief as here.

The United States Supreme Court held that exhaustion of the Bureau of Prisons' administration procedure is not required before a federal prisoner can initiate a <u>Bivens</u> action solely for money damages. Specifically, the Court stated that unless a federal statute requires exhaustion, the federal courts must exercise sound judicial discretion by balancing the individual's interest in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion of internal remedies. <u>See</u> **503 U.S. 140 (1992)**.

As Congress has not required exhaustion in <u>Bivens</u> actions, the Supreme Court determined that the prisoner's individual interests should prevail.

**Wherefore,** Plaintiff prays that defendant's motion to dismiss said complaint, be dismissed for the reasons stated herein.

Respectfully submitted,

*Jerome Smith*
Jerome Smith #19145-018

Dated: *February 2, 2002*

-4-

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JEROME SMITH,            :

    Plaintiff       :       CIVIL ACTION No. 1:01-CV-1192

v.                       :
                                 (Judge Rambo)
FEDERAL BUREAU OF PRISONS, et :
                                 (Magistrate Judge Smyser)
    Defendants      :
                  ..oOo..

### CERTIFICATE OF SERVICE BY MAIL

    The undersigned hereby certifies that he is an inmate at Allenwood Federal Prison Camp - P.O. Box 1000 - Montgomery, Pennsylvania 17752.

    That on February 2, 2002, he served a copy of the attached

### PLAINTIFF'S FURTHER OBJECTIONS TO DEFENDANT's MOTION TO DISMIS BIVENS ACTION 28 U.S.C. § 1331

by placing said copy in a prepaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Montgomery, Pennsylvania.

ADDRESSEE:

MARK E. MORRISON ESQ.
ASSISTANT U.S. ATTORNEY
228 WALNUT STREET
P.O. BOX 11754
HARRISBURG, PA 17108-1754

*Jerome Smith*
JEROME SMITH #19145-018

-5-