UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME SMITH     Plaintiff, | : CIVIL NO: 1:CV-01-1192 |
| v. | : (Judge Rambo) |
| FEDERAL BUREAU OF PRISONS, ET. AL.,     Defendants | : (Magistrate Judge Smyser) |

FILED
HARRISBURG, PA

   3 - 2002

MARY E. D'ANDREA, CLERK
Per _____

**ORDER**

The plaintiff, a state prisoner, commenced this 28 U.S.C. § 1331 action by filing a complaint in this Court on June 29, 2001. At that time, the plaintiff was an inmate at Allenwood Federal Prison Camp ("FPC-Allenwood") in Montgomery, Pennsylvania.

The plaintiff alleges that the defendants failed to ensure that he receive medical treatment for his serious medical needs. The defendants are the Federal Bureau of Prisons, and three members of the FPC-Allenwood staff, Associate Warden Troy Levi, Dr. Biglete, and Physician's Assistant Bell; and two staff members from the Federal Correctional Institution at Fort Dix, New Jersey ("FCI-Fort Dix"), Health Service Administrator Terri Ramos and Dr. John Chung.

Specifically, the plaintiff claims that the defendants did not provide him with necessary medical treatment, including surgery, for his severe leg and lower back pain. (Doc. 2). He seeks the following: (1) a declaratory judgment that defendants violated his constitutional rights and federal law; (2) a court order requiring his transfer to a medical institution for treatment; and (3) compensatory and punitive damages. (Doc. 1).

On July 11, 2001, this court granted leave for the plaintiff to proceed *in forma pauperis*. (Doc. 6). On August 17, 2001, the defendants filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b) and brief in support of their motion, arguing that the complaint should be dismissed because it duplicated a parallel action pending in this court at M.D. Pa. 1:CV-01-1026. (Docs. 13, 14). The plaintiff filed a reply on August 30, 2001. (Doc. 15). This court denied defendants' motion to dismiss the plaintiff's complaint against the five named defendants, but dismissed the claim against the Bureau of Prisons. (Doc. 19, 22).

On January 16, 2002, the defendants filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil

2

Procedure 12(b) for failure to exhaust administrative remedies. (Doc. 24). The plaintiff filed "Plaintiff's Objections To Defendants' Motion To Dismiss Complaint" on January 23, 2002, asserting that he had exhausted all administrative remedies. (Doc. 25). Defendants filed a timely brief in support of their motion to dismiss on January 31, 2002. (Doc. 26). With their brief, defendants filed a declaration under penalty of perjury in support of their motion to dismiss. (Doc. 27). On February 5, 2002, the plaintiff filed another memorandum objecting to a dismissal on failure-to-exhaust grounds. (Doc. 29).

Federal Rule of Civil Procedure 12(b) permits a court to treat a motion to dismiss as a motion for summary judgment under Rule 56 if the grounds for the motion are based upon evidence outside the scope of the pleadings. Fed. R. Civ. P. 12(b).

Defendants have submitted an exhibit outside the scope of the pleadings in support of their motion to dismiss. Pursuant to Federal Rule of Civil Procedure 12(b), we will treat the defendants' motion as a motion for summary judgment.

The plaintiff shall have fifteen (15) days from the date of this order to submit to this Court any evidence that he has showing that he exhausted the administrative remedies available to him.

**AND NOW**, this 3rd day of ~~March~~ April, 2002, **IT IS HEREBY ORDERED** that the defendants' motion (Docs. 24) to dismiss for failure to exhaust administrative remedies shall be treated as a motion for summary judgment, and that within fifteen days of the date of this Order, the plaintiff shall file any evidence that he has demonstrating that he has exhausted the administrative remedies available to him, and he may file a supplemental brief.

J. Andrew Smyser
Magistrate Judge

Dated: April 3, 2002.