

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME SMITH, | : | CIVIL NO. **1:01-CV-1192** |
| Plaintiff | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Smyser) |
| TROY LEVI, DR. BIGLETE, P.A. BELL, TERRI RAMOS and JOHN CHUNG, | : | FILED HARRISBURG, PA |
| Defendants | : | APR 9 2002 |

ORDER

The plaintiff, a prisoner proceeding *pro se*, commenced this *Bivens*[1] action by filing a complaint on June 29, 2001.

On March 12, 2002, the plaintiff filed a motion for the appointment of counsel.

28 U.S.C. § 1915(e)(1) provides that the court may request an attorney to represent an indigent litigant in a civil case.

---

[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

In *Mallard v. U.S. District Court*, 490 U.S. 296 (1989), the Court held that 28 U.S.C. §1915 does not authorize the district court to require an unwilling attorney to represent an indigent litigant in a civil case.

In *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), the United States Court of Appeals for the Third Circuit set forth a number of factors the court should consider when deciding whether to ask an attorney if he or she will accept the responsibility of representing a *pro se* plaintiff. The court in *Tabron* discussed the following factors: 1) the merits of the plaintiff's claim; 2) the plaintiff's ability to present his or her case considering the plaintiff's education, literacy, experience, and the restraints placed on the plaintiff by incarceration; 3) the complexity of the legal issues; 4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; and 5) the degree to which the case turns on credibility determinations or expert testimony. *Tabron, supra*, 6 F.3d at 155-56.

In the United States District Court for the Middle District of Pennsylvania, the need for a list of attorneys available for appointment to represent plaintiffs in

potentially meritorious cases meeting the *Tabron v. Grace* criteria has been addressed in Local Rule 83.34. The Middle District Federal Bar Association has assembled a panel of attorneys who will accept appointments at the request of the court in these cases.

The claims in this case are Eighth Amendment claims. The plaintiff claims that the defendants have not provided him with adequate medical care. At this point, we can not say that the claims are without merit.

We note, however, that there currently is pending a motion filed by the defendants seeking to have the complaint dismissed based on the plaintiff's failure to exhaust administrative remedies. By an Order dated April 3, 2002, we converted the defendants' motion to dismiss into a motion for summary judgment and ordered that the plaintiff file any evidence he has that he exhausted available administrative remedies within fifteen days. If the plaintiff has not exhausted available administrative remedies, then his complaint will be dismissed.

The plaintiff claims that he lacks the ability and knowledge to pursue this case. The documents filed by the

3

plaintiff thus far indicate that he is able to communicate effectively with the court. The plaintiff's claims are not complex. At this point it is not clear what role credibility will play in this case if the case goes to trial.

We have considered the *Tabron* factors and have concluded that the circumstances presented in the instant case do not justify a request to the administrator of the panel of volunteer attorneys to determine whether an attorney will accept an appointment in this case.

**AND NOW**, this 9th day of April, 2002, **IT IS HEREBY ORDERED** that the plaintiff's motion (Doc. 30) for the appointment of counsel is **DENIED**.

J. Andrew Smyser
Magistrate Judge

Dated: April 9, 2002.