UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME SMITH, | : | CIVIL NO. 1:01-CV-1192 |
| Plaintiff | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Smyser) |
| TROY LEVI, DR. BIGLETE, P.A. BELL, TERRI RAMOS and JOHN CHUNG, | : | FILED HARRISBURG, PA |
| Defendants | : | MAY 1 5 2002 |

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

**REPORT AND RECOMMENDATION**

The plaintiff, a prisoner proceeding *pro se*, commenced this *Bivens*[1] action by filing a complaint on June 29, 2001. The plaintiff alleges that the defendants failed to ensure that he receive medical treatment for his serious medical needs.

On January 16, 2002, the defendants filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b) for failure to exhaust administrative remedies. The plaintiff filed "Plaintiff's Objections to Defendants' Motion to Dismiss Complaint" on January 23, 2002, asserting that he had exhausted

---

[1]See *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

AO 72A
(Rev.8/82)

all administrative remedies. On January 31, 2002, the defendants filed a brief in support of their motion to dismiss. The defendants filed a declaration made under penalty of perjury in support of their motion to dismiss. On February 5, 2002, the plaintiff filed another memorandum objecting to a dismissal on failure-to-exhaust grounds.

Because the defendants submitted documents outside the pleadings, by an Order dated April 3, 2002 the defendants' motion to dismiss was converted to a summary judgment motion. The plaintiff was ordered to file any summary judgment evidence he had on the issue of exhaustion of administrative remedies within fifteen days. The plaintiff has not filed any summary judgment evidence.

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

2

42 U.S.C. § 1997e(a), provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Pursuant to § 1997e(a), the exhaustion of available administrative remedies is mandatory. *Booth v. Churner*, 121 S.Ct. 1819, 1825 (2001). Failure to exhaust available administrative remedies is an affirmative defense. *Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002).

Except for claims for which other administrative procedures have been established, federal inmates may seek "formal review of an issue which relates to any aspect of their confinement . . . if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. Generally, an inmate must first address his complaint to the institution staff member designated to receive such complaints within twenty days of the date on which the basis for the complaint occurred. 28 C.F.R. § 542.14(a) & (c)(4). The Warden will respond and an inmate who is not satisfied with the Warden's response may appeal to the Regional Director within twenty days of the date of the

3

Warden's response. 28 C.F.R. § 542.15(a). An appeal of a decision of a Disciplinary Hearing Officer must initially be filed with the Regional Director. 28 C.F.R. §542.15(d)(2). Finally, an inmate who is not satisfied with the Regional Director's response may appeal to the General Counsel within thirty days of the date of the Regional Director's response. 28 C.F.R. § 542.15(a).

The defendants have submitted a declaration from S. Albert-Blosser, a paralegal specialist with the Bureau of Prisons. *Doc. 27* at Exhibit 1. Albert-Blosser states that computerized indexes of all formal administrative process filed by inmates is maintained so that rapid verification may be made as to whether an inmate has exhausted administrative remedies on a particular issue. *Id.* Albert-Blosser asserts that a review of the records pertaining to the plaintiff indicate that the plaintiff has not exhausted the prescribed administrative remedies set forth by the Bureau of Prisons with respect to his claims in this case. *Id.*

Citing *McCarthy v. Madigan*, 503 U.S. 140 (1992), the plaintiff contends that Congress has not required exhaustion of administrative remedies in connection with *Bivens* claims and

4

that exhaustion is not required when only monetary damages are sought. *McCarthy* was decided before Congress amended 42 U.S.C. § 1997e(a) by was of the Prison Litigation Reform Act (PLRA). 42 U.S.C. § 1997e(a) now mandates exhaustion in *Bivens* actions brought by prisoners, and exhaustion is required even if only monetary damages are sought. *Booth v. Churner*, 121 S.Ct. 1819 (2001). *See also Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir. 2000)(holding in a *Bivens* action that "the PLRA amended § 1997e(a) in such a way as to make exhaustion of all administrative remedies mandatory - whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action.").

The plaintiff also asserts that he has exhausted available administrative remedies and he has submitted a Memorandum from Henry J. Sadowski denying his administrative tort claim. *Doc. 25.* This Memorandum closes with the sentence: "If you are dissatisfied with this decision, you may seek reconsideration by this office of bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this memorandum." *Id.*

AO 72A
(Rev.8/82)

The Memorandum addresses the plaintiff's administrative tort claim and not plaintiff's constitutional claims, and the action referred to in the Memorandum that the plaintiff may bring within six months in a Federal Tort Claims Act action against the United States and not a *Bivens* action against individual federal officers.

The evidence submitted by the defendants establishes that the plaintiff has not exhausted available administrative remedies before filing this *Bivens* action. Accordingly, it will be recommended that this action be dismissed.

Based on the foregoing, it is recommended that the defendants' motion (doc. 24) to dismiss (converted to a motion for summary judgment) be granted and the this action be dismissed without prejudice based on the plaintiff's failure to exhaust available administrative remedies before filing this action.

J. Andrew Smyser
Magistrate Judge

DATED: May 15, 2002.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEROME SMITH,                           :       CIVIL NO. **1:01-CV-1192**
                                        :
            Plaintiff                   :       (Judge Rambo)
                                        :
      v.                                :       (Magistrate Judge Smyser)
                                        :
TROY LEVI, DR. BIGLETE,                 :
P.A. BELL, TERRI RAMOS and              :
JOHN CHUNG,                             :                FILED
                                        :            HARRISBURG, PA
            Defendants                  :
                                                      MAY 1 5 2002

### NOTICE

                                                MARY E. D'ANDREA, CLERK
                                                PER _____
                                                        DEPUTY CLERK

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within ten (10) days** after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                          _____
                                          J. Andrew Smyser
                                          Magistrate Judge

Dated: May 15, 2002.

AO 72A
(Rev.8/82)